IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN STOWELL, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>TOLL BROTHERS, )<br>)<br>Defendant. ) | Civil Action No. 06-2103 |

## OPPOSITION TO MOTION FOR INJUNCTIVE RELIEF

**AND NOW COMES**, Defendant Toll Brothers, Inc. ("Toll"), through its attorneys, Buchanan Ingersoll & Rooney PC, and opposes plaintiff's motion for injunctive relief on the grounds that the Court has no jurisdiction over the issue presented. Even *assuming arguendo* that the Court had jurisdiction to address Plaintiff's Motion, Toll did not submit any information to the Internal Revenue Service ("IRS") regarding a $33,000.00 payment made to Susan Stowell in 2007 and Plaintiff has produced nothing to support a finding to the contrary.

In support of its Opposition to Plaintiff's Motion, Toll provides the following facts:

1. On or around May 18, 2006, Plaintiff Susan Stowell filed this action, claiming that her termination from employment with Toll on May 20, 2004 was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Pennsylvania Human Relations Act, 43 Pa.

Cons. Stat. Ann. §§ 951-963 ("PHRA"), the FMLA, 29 U.S.C. § 2601 *et seq.* and the Equal Rights Amendment of the Pennsylvania Constitution ("PERA")

2. In a conference held before Magistrate Judge Rice on August 13, 2007, Plaintiff and Toll agreed to a binding settlement which included *inter alia* payment to Plaintiff of $265,000 in exchange for a release.

3. Following an exchange of settlement drafts, counsel for Toll provided a final settlement agreement to counsel for Plaintiff on August 23, 2007, which Plaintiff refused to sign.

4. On October 1, 2007, Toll filed a Motion to Enforce the Settlement Agreement and a hearing was held before Magistrate Judge Rice wherein he issued a Report and Recommendation that the settlement should be enforced.

5. Following receipt of Judge Rice's Report and Recommendation, Toll issued checks on August 31, 2007 in the amounts of:

   (a) $109,626.04, made payable to Plaintiff and Mr. Abramson;
   (b) $122,373.96 to Plaintiff alone, without deductions; and
   (c) $33,000.00 to Stowell, less withholdings, to represent back pay damages.

6. Because this Honorable Court permitted Plaintiff several extensions of time to file Objections to Magistrate Judge Rice's Report and Recommendation, and the matter did not appear as though it would resolve by the end of 2007, on December 21, 2007, Toll voided the checks for $122,373.96 and $33,000.00.

7.  At no time was any record of payment of $33,000.00 or $122,373.96 ever filed with the IRS. *See* Exhibit "A" attached hereto for Toll payroll summary reflecting reversal of $33,000.00 payment.

8.  The only document Toll filed with the IRS was the attached IRS Form 1099, which reflects a payment of "$0" to Plaintiff and her counsel's law firm. *See* Exhibit "B" attached hereto.

9.  The IRS Form 1099 reflecting "$0" payment was filed for 2007 because, due to administrative error, the check issued for $109,626.04 was not voided until January 2008.

10. Plaintiff, by her counsel, was advised that a Form 1099 for $0 was filed with the IRS by the attached letter from Susan Sasala, Director of Accounts Payable at Toll Bros., Inc. *See* Exhibit "C" attached hereto.

11. Plaintiff offers no documentary evidence or other proof from the IRS or the Department of Public Assistance that Toll reported any income paid to Plaintiff for the July to September 2007 tax year.

12. Plaintiff's request for injunctive relief is misplaced to the extent that she asks that "proper disciplinary action be taken against Toll Bros."

13. Stowell never notified Toll that she was experiencing any problems with the IRS or the Department of Public Assistance and never asked Toll for information which may have resolved any alleged problem she was having.

14. To the extent Stowell is requesting this Court to order Toll to file some documentation with the IRS which would advise the Agency that $0 was earned and reported for Susan Stowell by Toll Bros., Inc. in 2007, Toll has no objection to such filing.

WHEREFORE, Toll respectfully requests that this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

                              BUCHANAN INGERSOLL & ROONEY

                              By:   s/Jill M. Lashay
                                      Jill M. Lashay, Esq.
                                      PA ID No. 79985
                                      17 North Second Street, 15th Floor
                                      Harrisburg, PA 17101
                                      (717) 231-7722
                                      (717) 231-7712 (fax)

                                      Attorneys for Defendant Toll
                                      Bros., Inc.

Dated: August 8, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition to Motion for Injunctive Relief was served via UPS Overnight Mail, this 8th day of August, 2008 upon Plaintiff Susan Stowell at the following address:

> Susan Stowell
> 3209 West Chester Pike
> Apartment B-4
> Newtown Square, PA 19073

s/Jill M. Lashay
Jill M. Lashay
